

## ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

August 4, 2025

<u>*Via CM/ECF*</u>
Hon. Esther Salas, U.S.D.J.
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07101

**Re:**   ***Morrill et ano. v. Fulop et al.,*** **Docket No.: 2:23-CV-23197-ES-JSA**

Your Honors:

   We represent Plaintiffs, Aaron Morrill and The Jersey City Times LLC ("Plaintiffs"), in this civil action. We write to update the Court on the unresolved discovery disputes identified in the parties' joint submission dated June 17, 2025 (Dkt. 61) and to request leave to file a motion to compel or a conference with the Court.

   Defendants' responses to Plaintiffs' proper and relevant discovery requests are insufficient in multiple respects. Many of these disputes are introduced in greater detail in the parties' June 17 letter but, in summary, Defendants have refused to provide certain documents in usable formats, failed to respond substantively to several interrogatories, and refused to produce emails at the heart of this case by falsely asserting that they are already in Plaintiffs' possession. In further communications since June 17, Defendants have made clear that they will undertake no further efforts to comply with Plaintiffs' discovery requests or to engage in further discussions about the insufficiency of their responses. Accordingly, the ongoing disputes are ripe for the Court's adjudication.

   Each dispute below has been discussed with Defendants, either in correspondence that culminated in the parties' joint letter of June 17, 2025 [Dkt. 61] or in subsequent correspondence addressing issues arising from Defendants' additional discovery responses after June 17.

   Plaintiffs seek to compel proper responses at this time because, in recent weeks, it appears that Defendants have denied Plaintiffs' access to press communications anew. For example, Plaintiffs did not receive recent communications, confirmed to have gone out from the Press Office, seeking (1) the public's help in finding a missing Jersey City child named Divine Anyanwu and (2) information about a six-year-old boy who was struck by a UPS truck in Jersey City on June 13th. These troubling omissions suggest that Defendants have not fully restored Plaintiffs' access to press communications—contrary to claims made in this litigation. A resolution of the discovery disputes is needed so that Plaintiffs may move forward with depositions and obtain judicial relief from Defendants' ongoing unconstitutional conduct.



## I.    Efforts to Resolve These Issues

Plaintiffs have made multiple attempts to meet and confer in good faith regarding the discovery disputes outlined below. Both before and after the submission of the June 17 joint letter, Plaintiffs attempted to engage in further discussion to address issues Plaintiffs considered not to have been fully resolved. This included a letter to Defendants on May 15, a Zoom meeting on May 22, and emails to Defendants regarding the discovery disputes on May 25, June 5, June 10, June 16, July 3, and July 11.

On July 11, 2025, Plaintiffs sent Defendants a supplemental deficiency letter and requested a meet-and-confer, which Defendants scheduled but then canceled at the last minute. Defendants provided limited responses over the next several weeks, but on July 30, 2025 stated that they "will not continue to engage" in any further discussions because they consider Plaintiffs' recent efforts to confer as "rehashing the same issues" that "have been asked and answered on multiple occasions." When Plaintiffs responded that their July 11 letter raised new disputes and questions regarding Defendants' post-June 17 responses, Defendants asserted that there was nothing left to discuss.

## II.    Deficient Discovery Responses

Plaintiffs request leave to file a motion to compel or the opportunity to conference with the Court the following issues, as to which their dispute with Defendants has reached an impasse. Given the three-page limitation on discovery dispute letters, *see* Dkt. 40, Plaintiffs provide here only a summary of the items in dispute. We will provide additional detail and argument if the Court allows. Defendants have failed to provide sufficient responses to the following discovery requests; the issues of greatest concern to Plaintiffs are **bolded and underlined**.

**Wallace-Scalcione Interrogatories**: 4 (Fulop's direct reports), **5** (information about press lists), **7**, **8**, **9**, and **11** (composition of press lists on certain dates); 12 (how Wallace-Scalcione decided to whom to send certain email); **13** (whether and when Plaintiffs were removed from each press list), 22 and 23 (communications regarding Plaintiffs' allegations), and **24** (who instructed Wallace-Scalcione to remove Plaintiffs from Press List and when). The supplemental responses provided on July 9, 2025 also lack the required attestation from Ms. Wallace-Scalcione, per FRCP 33.

**Fulop Interrogatories**: 4, 14, 22, and 23, as well as each of the interrogatories for which Fulop has improperly incorporated by reference his answer to Interrogatory 5 (namely 7, 8, 9, 10, 11, 12, 13, 17, 19, and 20).

**Requests for Production**: 6 and 7 (allegations of past retaliation), **9** (press lists); 12 (communications about which press should receive emails), **13** (references to plaintiffs, using search terms), 14 (characterizations of press coverage); 16 (decisionmaking authority re: press comms), **17** and **18** (emails to other press/Plaintiffs), 19 (calendar entries), 20 and 21 (insurance).

Defendants' deficiencies as to **RFP 9** (press lists) are especially troubling. On May 30, 2025, Defendants produced PDF versions of Defendant Wallace-Scalcione's press list files that were



largely unreadable, with many cells cut off. In their portion of the June 17 joint letter to the Court, Defendants said they were unaware of problems with the press lists they had produced and that they were willing to work with Plaintiffs to resolve them. *See* Dkt. 61 at 12. This statement was untrue on both fronts. Defendants were keenly aware of the problems—Plaintiffs had raised them specifically via email on June 5, which Defendants acknowledged on June 6. Defendants thereafter provided no replacement versions of the problematic Press Lists, and when Plaintiffs followed up on July 3, Defendants responded that their "production [was] complete." That same day, Plaintiffs reminded Defendants of their agreement to work together regarding the problems with the Press Lists. On July 9, Defendants said they would not produce the Press Lists in their native formats because "[p]roviding native-format documents in a way that preserves metadata, including version histories, is not as simple as downloading from Google Sheets or dragging-and-dropping Excel files to a thumb drive." They further asserted that any additional participation in the discovery process was "disproportionate to the needs of the case" because "Plaintiffs' only demand is not for damages of any kind but only for an apology." This contention ignores that Plaintiffs continue to seek injunctive and declaratory relief for the alleged constitutional violations, as well as nominal and punitive damages—as Defendants well know. Defendants have refused to provide any additional details about the alleged difficulty of producing the press lists in their native format, despite Plaintiffs' repeated requests and offers to discuss the lowest-burden way to produce them.

**Assertions of Privilege:** Defendants have provided an insufficient privilege log that merely lists "attorney client communication" for every redaction. Defendants have also refused to remove redactions from: DEF000090, DEF000187-203, DEF0002011, and DEF0002014.

**Adequacy of Search:** Certain documents that would be responsive to RFPs 1, 2, 3, 4, 5, 8, 9, and/or 10 appear to be missing from both Defendants' productions and from the privilege log, particularly for a list of significant dates that were provided to Defendants on July 11, 2025.

*     *     *

Should Your Honors have any questions, please do not hesitate to contact the undersigned by telephone or e-mail.

Respectfully submitted,

/s/ Flavio L. Komuves
WEISSMAN & MINTZ
220 Davidson Ave., Ste. 410
Somerset, New Jersey, 08873
Tel: (732) 563-4565
Email: FKomuves@weissmanmintz.com

/s/ Stacy Livingston
Stacy Livingston, *pro hac vice**



MEDIA FREEDOM &
 INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[1]
127 Wall St. – Baker Hall - ISP
New Haven, CT, 06511
Tel: (203) 436-5824
Email: stacy.livingston@ylsclinics.org

*Counsel for Aaron Morrill and*
*Jersey City Times LLC*

Cc:    Jason Orlando, Esq. (via ECF)
       John Bartlett, Esq. (via ECF)
       Mallory Olwig, Esq. (via ECF)

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.