

ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

September 12, 2025

*Via CM/ECF*
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07101

**Re:** *Morrill et ano. v. Fulop et al.*, **Docket No.: 2:23-CV-23197-ES-JSA**

Your Honor:

    We represent Plaintiffs, Aaron Morrill and The Jersey City Times LLC ("Plaintiffs"), in this civil action. We write to oppose Defendants' request (Dkt. 69) for an adjournment of the deadlines set by this Court in its August 27, 2025 Text Order (Dkt. 66). That Text Order required the parties to meet and confer in an effort to resolve the many discovery disputes that remain unresolved in this case. It also required the parties to submit a joint status letter on or before September 29, 2025, reflecting whether they have been able to resolve all remaining disputes.

    This Court should deny Defendants' request. This Court already denied Defendants' prior request to stay discovery pending the outcome of their motion to dismiss and determined that discovery and the motion to dismiss are to proceed on parallel tracks. (Dkt. 39). Accordingly, the parties have been engaged in discovery for more than a year and certain disputes remain unresolved. The fact that oral argument has been scheduled on the motion to dismiss has no bearing on whether discovery should proceed apace. It should. Defendants' present request for an adjournment is the most recent in a series of attempts to circumvent the Court's prior ruling and stall the discovery process. *See* Dkt. 61, Dkt. 64 (detailing repeated attempts at delay).

    Plaintiffs continue to seek a timely remedy for the ongoing constitutional injuries that they are sustaining while Defendants slow-walk the discovery this Court has already ordered. As Plaintiffs noted in their August 4, 2025 letter to the Court, it appears that Defendants excluded Plaintiffs from several recent press communications, illustrating the continuing importance of the injunctive relief they seek. (Dkt. 64). The documents Plaintiffs seek in discovery are at the center of the disputes to be discussed at the next meet-and-confer and are essential to the timely resolution of this case.

    The fact that Plaintiffs do not seek compensatory damages in this case makes it *more* important that discovery proceed on track, not less. Defendants suggest that nothing Plaintiffs seek is "urgent or time sensitive." (Dkt. 69). This isn't just mistaken; it illustrates Defendants' consistently cavalier attitude about the issues at the heart of this case and reflects their fundamental misunderstanding about the importance of priceless constitutional rights. Unlike compensatory



damages, which can make a Plaintiff whole after the fact, every day that passes without injunctive relief inflicts harm for which a Plaintiff can never recover.

Because the parties' discovery disputes must be resolved before the Court can enjoin those harms, we urge this Court to maintain its previous order and deny Defendants' request.

*   *   *

Should Your Honor have any questions, please do not hesitate to contact the undersigned by telephone or e-mail.

Respectfully submitted,

/s/ Flavio L. Komuves
WEISSMAN & MINTZ
220 Davidson Ave., Ste. 410
Somerset, New Jersey, 08873
Tel: (732) 563-4565
Email: FKomuves@weissmanmintz.com

/s/ Stacy Livingston
Stacy Livingston, *pro hac vice*\*
MEDIA FREEDOM &
 INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[1]
127 Wall St. – Baker Hall - ISP
New Haven, CT, 06511
Tel: (203) 436-5824
Email: stacy.livingston@ylsclinics.org

*Counsel for Aaron Morrill and Jersey City Times LLC*

Cc:   Jason Orlando, Esq. (via ECF)
      John Bartlett, Esq. (via ECF)
      Mallory Olwig, Esq. (via ECF)

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.