

ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

# Yale Law School

October 13, 2025

<u>*Via CM/ECF*</u>

Hon. Esther Salas, U.S.D.J.
Hon. Jessica S. Allen, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut St.
Newark, New Jersey 07101

    **Re:**    *Morrill et ano. v. Fulop et al.,* **Docket No.: 2:23-CV-23197-ES-JSA**

Dear Your Honors:

    We represent Plaintiffs, Aaron Morrill and The Jersey City Times LLC ("Plaintiffs"), in this civil action. On August 27, 2025, the Court ordered the Parties to resume efforts to meet and confer regarding the outstanding discovery disputes identified in several letters to the Court. *See* Dkt. Nos. 61, 64 & 65 (outlining disputes); Dkt. No. 66 (order); Dkt. No. 71 (extending deadline). The Parties jointly submit this letter to report that their outstanding discovery disputes have been resolved or are pending resolution, as outlined further below. Accordingly, the Parties do not seek the Court's assistance in resolving any discovery disputes at this time.

    **I.**    **Joint Summary**

    The Court initially set discovery deadlines [Dkt. #40] to allow "paper" discovery to proceed while Defendants' motion to dismiss [Dkt. #26] remains pending, and paper discovery formally ended on July 7, 2025 [Dkt. #53, deadline extended Dkt. #63]. In anticipation of paper discovery closing on July 7, the Parties submitted a joint letter outlining numerous outstanding discovery disputes on June 17, 2025 [Dkt. #61]. After this letter was submitted, the Parties exchanged additional productions and Plaintiffs raised additional disputes, as reflected in letters dated August 4, 2025 [Dkt. #64], and August 6, 2025 [Dkt. #65].

    On August 27, 2025, this Court ordered the Parties to resume their efforts to meet and confer about the outstanding discovery issues and to submit a joint letter detailing their progress

toward resolving the outstanding issues by September 29, 2025 [Dkt. #66]. Defendants requested an adjournment of that deadline until after the Court decides the pending motion to dismiss, which is currently scheduled for oral argument on October 21, 2025 [Dkt. #67]. Plaintiffs opposed that request [Dkt. #70]. On September 27, 2025, the Court denied the adjournment request but extended the deadline to file this joint letter until October 13, 2025 [Dkt. #71].

On September 23, 2025, the parties met to discuss certain outstanding discovery issues identified by Plaintiffs. During that meeting, Plaintiffs made significant reductions to their outstanding discovery requests and offered multiple ways that Defendants could comply with them. While there was not agreement on supplementing certain productions and interrogatory responses, Defendants did agree to provide supplements on others, as set forth below.

## II. Discovery to be Provided

Defendants have agreed to provide—and in some cases, have provided—the following:

**Plaintiffs' Request for Production 9 ("Press Lists") / Interrogatories 7, 8, 9 & 11 (Press Lists on certain dates):** Defendants agreed to produce a digital "Excel" file of the spreadsheet titled "2024 Press List," under an "attorneys' eyes only" designation. On October 13, 2025, Defendants produced an Excel file in response to this request, and Plaintiffs are reviewing that file. Defendants represent that the third-party-created compilations of email addresses that were produced in discovery (Bates Numbers DEF1663-1970) are not relevant to this action. Based on this representation, Plaintiffs agree not to seek them.

Defendants have objected to providing "all Press Lists" as requested by Plaintiffs' (RFP 9) as unduly burdensome. Plaintiffs have agreed that they will accept versions of the operative press list file that reflect the dates specified in Interrogatories 7, 8, 9, and 11, namely: May 16, 2021 (or the closest date prior to May 16, 2021 that Defendants used a Press List to email the press); May 30, 2021 (or the closest date subsequent to May 30, 2021 that Defendants used a Press List to email the press); April 26, 2022; and December 18, 2023. Defendants have agreed to check whether such version histories are available, and to produce them if they are.

Plaintiffs requested that Defendants confirm, in advance of the filing of this letter, whether the version histories described above are, in fact, available. Defendants were unable to do so, but will confirm by **October 24, 2025**. In the event that Defendants cannot or do not produce versions of the press list from on or about the listed dates, Plaintiffs have requested the opportunity to confer anew on these requests and on certain related requests that also seek information about if and when

the Press List was changed to exclude Plaintiffs. Plaintiffs reserve the right to seek relief from the Court regarding this information if such efforts are unsuccessful.

**Plaintiffs' Requests for Production 17 and 18 (Press Office emails sent to competitors):** Defendants have agreed to produce all communications transmitting a press release, media advisory, or invitation to a press event to the Hudson County View, Jersey Journal, TapInto, and/or the Hudson Reporter between December 1, 2019 and December 17, 2023. Defendants agree to do so by **October 31, 2025.**

**Other matters:** Defendants also agreed to produce a job description for Defendant Wallace-Scalcione in response to Plaintiffs' Request for Production 15 and a signed copy of Defendant Wallace-Scalcione's supplemental interrogatory responses. Defendants did so on October 13, 2025.

### III.     Plaintiffs' Position

Provided that Defendants produce the outstanding additional materials by October 31, 2025, as they have represented, Plaintiffs will not require further assistance from the Court and seek to proceed to depositions.

Plaintiffs reserve the right to seek further relief from the Court if additional disputes arise regarding the material discussed above, including and especially the requested information regarding changes to the press list.

Defendants assert below that Plaintiffs' privilege log is deficient. Defendants did not raise this issue during the Parties' September 23, 2025 meet-and-confer, nor at any other time since the Court ordered the Parties to resume their efforts to resolve outstanding discovery issues on August 27, 2025. Plaintiffs were not aware until they received revisions to a draft of this joint status letter on October 13, 2025, that Defendants maintained any objections to the sufficiency of Plaintiffs' responses to their discovery requests. Plaintiffs maintain the position they set forth on pages 9-11 of the June 17, 2025 letter to the court regarding this request. [Dkt. 61]. Plaintiffs also note that they continue to seek nominal and punitive damages in this case, as well as declaratory and injunctive relief.

### IV.     Defendants' Position

Defendants maintain their objections that Plaintiffs' requests are disproportionate to the needs of the case, particularly given that Plaintiffs are not seeking damages. Nevertheless, Defendants are making ongoing efforts to respond to Plaintiffs' requests, as set forth above, and



to provide the reasonably available materials as promptly as possible, recognizing that some responses—such as those to Requests for Production 17 and 18—are voluminous and will require additional time to complete.

In addition, in response to many of Defendants' initial and supplemental requests, Plaintiffs have asserted a blanket journalistic privilege. To date, they have not provided a privilege log as required to support this assertion, despite Defendants' request for one. Provided that Plaintiffs produce a privilege log by October 31, 2025. Defendants do not anticipate needing the Court's assistance.

\*   \*   \*

Should Your Honors have any questions, please do not hesitate to contact the undersigned, or Mr. Bartlett for the Defendants, by telephone or e-mail.

    Respectfully submitted,

    /s/ Brett M. Pugach
    WEISSMAN & MINTZ
    220 Davidson Ave., Ste. 410
    Somerset, New Jersey, 08873
    Tel: (732) 563-4565
    Email: Bpugach@weissmanmintz.com

    /s/ Stacy Livingston
    Stacy Livingston, *pro hac vice*\*
    MEDIA FREEDOM &
    INFORMATION ACCESS CLINIC
    YALE LAW SCHOOL[1]
    127 Wall St. – Baker Hall - ISP
    New Haven, CT, 06511
    Tel: (203) 436-5824
    Email: stacy.livingston@ylsclinics.org

    *Counsel for Aaron Morrill and*
    *Jersey City Times LLC*

Cc:    Jason Orlando, Esq. (via ECF)

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if any.



Page 5 of 5

John Bartlett, Esq. (via ECF)
Mallory Olwig, Esq. (via ECF)